UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANN M. YEAGER, | )    CASE NO.  5:12 CV0426 |
|          Plaintiff, | )    JUDGE JOHN R. ADAMS |
| v. | ) |
| | )    <u>MEMORANDUM OF OPINION</u> |
| | )    <u> AND ORDER</u> |
| THE STATE OF ALABAMA, *et al.*, | ) |
|          Defendants. | ) |

      Before the Court is *pro se* Plaintiff Ann M. Yeager's above-captioned *in forma pauperis* Complaint naming all fifty States in the United States and the District of Columbia, "(in care of the Attorney General and Governor)," as Defendants.  She claims the Defendants have exceeded the scope of their authority by enacting legislation that restricts her right to seek the Office of United States President. Moreover, she complains the Defendant have "restrained and injured" her from seeking Federal Executive office "by enacting  invidious statutes."

### *Background*

      Ms. Yeager describes herself as a 45 year old natural born citizen of the United States with "high mental acumen." (Compl. at 512.)  Based solely on these facts, she believes she meets

all of the Constitutional requirements to be eligible for Federal Executive office. Thus, she is seeking recognition as a candidate for President of the United States in each of the 50 states, as well as the District of Columbia.

Questioning each State's authority to enact laws placing any restriction on candidacy for President, Ms. Yeager attacks each State's legislation setting out the requirements for placement on the ballot to run for the Office of President. She argues that it is only the United States Constitution that can restrict the qualifications a citizen must meet to run for U.S. President. Therefore, any qualifying statutes a State enacts are beyond the scope of its "authority [and] . . . intrude upon said Federal office." (Compl. at 510.) She complains the Defendants' qualifying statutes would force her to file 51 Declarations of Candidacy, secure 51 nominating petitions "with invidious and various percentages of Defendants' electors signatures affixed thereupon and witnessed thereto — merely—to be recognized as a candidate on the general ballot in each of the 50 States and District of Columbia." (Compl. at 510-11.) Moreover, Ms. Yeager claims that some States also require a filing fee to obtain ballot access, which "inflict[s] a property qualification" for candidacy in violation of the Constitution. As written, these statutes have allegedly restrained her right to travel and freely associate, given the "enormity of this invidious, arbitrary, and burdensome task." (Compl. at 511.)

Ms. Yeager seeks permanent injunctive relief declaring that each Defendants' laws, qualifying a person to run for the Office of the President of the United States, are:

A) Violative [sic] superior Constitution

B) Repugnant to republican character of Federal Government;

C) Violation on-person one vote principle;

      D) Efface Plaintiff's:

           1. right to associate;

           2. right to seek profession

           3. Right to travel (by interstate ballot)

      E) Burdensome, discriminatory, and grossly invidious to Plaintiff as class and political preference — and therefore declared void.

(Compl. at 627.) She seeks an order of mandamus directing each Defendant's Secretary of State to mandate the inclusion of her name and the name of her Vice Presidential choice on the ballot of each state.

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

### *Res Judicata*

Under *res judicata*, a final judgment on the merits of a claim precludes a party from

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir.1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* Thus, a plaintiff cannot avoid application of the doctrine simply by selecting a different legal theory of recovery in a subsequent suit. *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978).

By her own admission, Ms. Yeager filed a prior complaint last year in this Court against the same Defendants. The first complaint contained conclusory allegations that (unidentified) "qualifying criteria laws for Executive Office in each State of the United States are facially unconstitutional." *See Yeager v. Alabama, et al.*, No. 11cv1617 (N.D. Ohio)(ECF No. 1.) On November 11, 2011, this Court dismissed the complaint for lacking an arguable basis in law or fact pursuant to 28 U.S.C. §1915(e).

A claim is barred by the *res judicata* effect of prior litigation if all of the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir.2008); *Browning v. Levy*, 283 F.3d 761, 771–72 (6th Cir.2002).

Generally, the dismissal of a complaint under § 1915(e)(2) is not considered a dismissal on the merits.  Considering Ms. Yeager's *pro se* status, her lack of standing, and the fact that she did not identify a single statute or an assertion of any injury resulting from it, this Court could not arrive at a decision on the merits. Consequently, without a prior dismissal on the merits a critical component is lacking to defeat *res judicata* effect, except as to frivolousness

-4-

determinations for future *in forma pauperis* complaints. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir.1999). Claim preclusion and collateral estoppel only arise where the prior decision was a final judgment on the merits. *Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 367 (6th Cir.2009); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir.2003). Thus, Ms. Yeager's current Complaint is not barred by *res judicata* and the Court will, therefore, address it on the merits.

### *Improper Venue*

Personal jurisdiction "is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). As Chief Justice Marshall stated in *Cohens v. Virginia*: "We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution." 19 U.S. (6 Wheat.) 264, 404 (1821). To that end, a judgment entered against a party over whom a court lacks personal jurisdiction may be rendered void. *See* FED.R.CIV.P. 60(b)(4); *In re Penco Corp.*, 465 F.2d 693, 694 n. 1 (4th Cir.1972).

Typically, personal jurisdiction is a question decided in advance of venue, which is primarily a matter of choosing a convenient forum. *See generally* C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3801, pp. 5–6 (1976). The Supreme Court has provided, however, that "when there is a sound prudential justification for doing so, . . .a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979).

Justification exists in this case. Fifty of the fifty-one defendants named in this action are nonresidents of Ohio. A thorough reading of the Complaint does not reveal any context within

which this would be the proper venue under 28 U.S.C. § 1391(b). The statute provides in relevant part:

> (b) Venue in general.--A civil action may be brought in--
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See* 28 U.S.C. § 1391(b). All of the nonresident defendants reside in different States. Only the plaintiff and one defendant are in Ohio. As the Court noted, "the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial. For that reason, Congress has generally not made the residence of the plaintiff a basis for venue in nondiversity cases." *Great Western United Corp.*, 443 U.S. at 183-84.

Thus, while it may be more convenient for Ms. Yeager to attack all fifty states and the District of Columbia in one forum, the general venue statute does not authorize her reliance on that reasoning to justify this Court as the proper venue for the majority of defendants named.

Finally, Ms. Yeager has not alleged that her claims are being brought in "the judicial district . . . in which the claim arose." 28 U.S.C. §1391. Even if this were that "unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of

the defendant (but not of the plaintiff)—may be assigned as the locus of the claim." *Great Western United Corp.*, 443 U.S. at185.

This an action taken by an Ohio resident, regarding the enactment of several State statutes by their respective legislatures, seeking a future action that may be taken in these States by their officials, that forms the basis for Ms. Yeager's federal claim.  Federal judges sitting in their respective districts within their States are better qualified to construe their laws, and to assess the character of their States' enforcement of that law, than this Court sitting in Ohio. This would restrict the venue of this Court solely to Ms. Yeager's claims against Ohio.

"[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant...." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). There must also be "a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum." *Kulko v.Super. Ct. of California in and for City of San Francisco*, 436 U.S. 84, 91(1978).  Given the claims advanced by Ms. Yeager against the nonresident defendants, she cannot establish venue in this Court.  Accordingly, this Court lacks both venue and personal jurisdiction over all nonresident States, its Governors and its Attorneys General for acts that take place in Ohio. *See Great Western.*, 443 U.S. at 185-87. For the reasons set forth below, transfer of this matter to another district court would not cure any of the deficiencies in plaintiff's pleading.        Therefore, all defendants, except the State of Ohio are dismissed.

### *Failure to State a Claim*

The United States Constitution entrusts states with the responsibility of establishing election regulations for presidential electors. U.S. CONST. ART. II, § 1, cl. 3.  For presidential candidates, this authority is contained in Article II of the Election Clause, which gives each state's

legislature the power to decide how federal elections are run in each state. *Foster v. Love*, 522 U.S. 67, 69 (1997).

With respect to the Constitution, each State must "observe the limits established by the First Amendment rights of the State's citizens," *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214, 222 (1989) (quoting *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 217 (1986)), including "the right of citizens to associate and to form political parties for the advancement of common political goals and ideas," *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 357 (citing *Colorado Republican Federal Campaign Committee v. Federal Election Commission*, 518 U.S. 604, 616 (1996)); *Norman v. Reed*, 502 U.S. 279, 288 (1992); *Tashjian*, 479 U.S. at 214).

Ms. Yeager's Complaint is premised on the belief that no State has the authority to impose qualifying laws for a Presidential candidate to be placed on the ballot. The claim is neither supported by the Constitutional nor statutory authority.  The generic claims she raises, attacking each state's Presidential ballot access statute as onerous or invidious, presupposes that *any* burden, beyond the age and citizenship requirement for Presient set forth in the Constitution, establishes a *per se* violation of the Constitution. It does not.

The complaint completely disregards any State interest in regulating the number of candidates on a ballot in order to avoid voter confusion and frustration of the democratic process. *Lubin v. Panish*, 415 U.S. 709, 715 (1974).   Where restrictions to access exist, they must be reasonably necessary to achieve the legitimate state interest. *Id.* at 716.   Therefore, states may require candidates to demonstrate sufficient public support in order to prevent the ballot from becoming a laundry list of candidates, not all of whom are serious contenders. *Id.* at 715.  The

-8-

purpose is not bar potential candidates, but to protect the integrity of the political process. *See American Party of Texas v. White*, 415 U.S. 767, 782-83 (1974).

Constitutional challenges to state election procedures are governed by the following method of inquiry: "[The Court] must first consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate." *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). Here, Ms. Yeager's sweeping challenges to State fees, signature requirements, and other procedural requirements to qualify to appear on the ballot do not suggest in what State action Ohio engaged that caused her injury.

Most of Ms. Yeager's claims regard an unfounded belief that each State requires she personally secure a sufficient number of signatures for placement on a ballot. States may, however, impose a precondition of demonstrating the existence of some reasonable quantum of voter support by requiring that the party file petitions for a place on the ballot signed by a percentage of those who voted in a prior election. *See American Party*, 415 U.S. at 783. Although she complains, in general, that she cannot travel to secure the requisite number of signatures, there is no statutory requirement in Ohio that excludes any qualified elector from securing those signatures on her behalf.

A careful reading of over 500 pages of text supporting her complaint provided no more than legal conclusions. This is not sufficient to present a valid claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). This Court is not tasked to accept unwarranted factual inferences. *Id*.; *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). To set forth a valid claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ––– U.S. –––, –––, 129 S.

Ct. 1937, 1949(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). Even liberally construed, Ms. Yeager has failed to state a claim upon which relief may be granted.

*Conclusion*

Based on the foregoing, Ms. Yeager's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **granted**, her Motion to Expedite Review (Doc. No. 3), Motion (Request) for Communication from Court (Doc. No. 5), Motion to Enter Judgment - on Timely Subject Matter (Doc. No. 7), and Motion (Mandamus) Forthwith for Judgment Entry (Doc. No. 8) are **denied**. The Complaint is **dismissed** with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 4/19/12 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE